## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**OAKWOOD SHOPPING CENTER,**                                   **CIVIL ACTION 10-2758**
**LIMITED PARTNERSHIP,**
**A DEBTOR IN POSSESSION**

**VERSUS**                                                     **CIVIL ACTION**

**VILLA ENTERPRISES OF MIDWEST,**                              **SECTION "K"(5)**
**INC. d/b/a LUCIANA  PIZZERIA, d/b/a**
**VILLA FRESH ITALIAN KITCHEN**

### ORDER AND OPINION

Before the Court is the "Motion to Remand and for Attorneys Fees, or, Alternatively, Motion to Abstain" filed on behalf of plaintiff Oakwood Shopping Center, Limited Partnership, a debtor in possession (Doc. 6).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion and orders this matter remanded to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

Plaintiff Oakwood Shopping Center, Limited Partnership ("Oakwood"), filed a "Rule to Evict Tenant" in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, seeking an order that   Villa Enterprises of Midwest, Inc. d/b/a  Luciana Pizzeria d/b/a Villa Fresh Italian Kitchen ("Villa Fresh"), must "vacate Space No. 1710 at the Oakwood Shopping Center and [] deliver possession thereof to Oakwood Shopping Center, L.P., a debtor in possession, reserving to Oakwood its right to file suit against Villa Pizza to recover all past due rent and all rent that accrues through a judgment of eviction."  Doc. 1-1, Ex. A.  In the "Rule to Evict Tenant" Oakwood alleged that Villa Fresh, the assignee of a lease for Space No. 1710 at the Oakwood Shopping Center had defaulted on the assigned lease and owed Oakwood past due rent as well as additional sums owed

under the lease.  Oakwood also alleged in the "Rule to Evict" that it reserved "its right to file suit against Villa Pizza to recover all past due rent and all rent that accrues through a judgment of eviction."  Doc. 1-1, Ex. A.

Prior to filing the Rule to Evict, Oakwood filed a voluntary petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York , No. 09-11985, which was consolidated with and jointly administered with a related bankruptcy case, i.e., *In re General Growth Properties, Inc.,* No. 09-11977.

Pursuant to 28 U.S.C. § 1452 Villa Fresh timely removed the Rule to Evict to this Court alleging federal bankruptcy jurisdiction pursuant to 28 U.S.C. §1334.  Oakwood filed a motion seeking remand of suit contending that because the eviction proceeding is not a core bankruptcy proceeding and does not "relate to" the bankruptcy, there is no subject matter jurisdiction over the claim.  Alternatively, Oakwood urges that even if federal jurisdiction exists, that the Court should equitably remand this matter or abstain from handling this matter on either grounds of mandatory or discretionary grounds.

LAW AND ANALYSIS

It is well established that "[a] party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction."  *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002), citing 28 U.S.C. §1441(a).  The burden of establishing proper removal of a suit rests on the removing party.  *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).   "Because removal raises significant federalism concerns, the removal statute is strictly construed."  *Gutierrez v. Flores*, 543

2

F.3d 248, 251 (5th Cir. 2008).  It is also well established that "'any doubt as to the propriety of removal should be resolved in favor of remand.'"  *Id.,* quoting *In re Hat Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Federal district courts and state courts have concurrent jurisdiction over civil actions "arising under title 11, or arising in or related to a case under title 11."  28 U.S.C. 1334(b).  Villa Fresh contends it properly removed this suit because it is "related to" Oakwood's bankruptcy case or is a "core" proceeding under chapter 11.

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", arising in a case under", or "related to a case under", title 11.  These references operate conjunctively to define the scope of jurisdiction.  Therefore, it is necessary to determine only whether a matter is at least "related to" the bankruptcy.

*In re Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).  Under well established Fifth Circuit precedent, "[a] proceeding is 'related to" a bankruptcy if the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."  *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (internal quotation and citation omitted)(emphasis added).  To be more specific, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate."  *Id.*  (internal citation and quotation omitted).  Therefore, "[f]or  jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor; and (2) have an effect on the administration of the estate."  *Id.*

Regardless of whether Oakwood prevails in the this lawsuit seeking to evict an allegedly

3

delinquent lessee from commercial property owned by Oakwood, the outcome of the suit will impact Oakwood's options with respect to the future rental of that property.  Because the outcome of the suit will impact Oakwood's options with respect to the leased premises, the first prong of the "related to" test is satisfied.  Oakwood asserts that the eviction would not have an effect on the administration of the estate because Villa Pizza is not paying the rent due under the lease, a fact that Villa Pizza does not dispute, and Oakwood also urges that this suit is not "related to" the bankruptcy proceeding because Oakwood has emerged from bankruptcy.

Oakwood has not provided any proof that it has been discharged from bankruptcy, nor has it provided any law in support of its contention that having "emerged" from bankruptcy, Villa Pizza's eviction could not possibly affect Oakwood's bankruptcy proceeding.   Furthermore, it is well established that  jurisdiction is determined as of the time of removal, and therefore,  post-removal events generally do not deprive a federal court of jurisdiction.  *Bank One Texas National Association v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994).

It is *conceivable* that the outcome of this eviction suit will have an effect on the administration of Oakwood's estate.   If Oakwood succeeds in evicting Villa Fresh,  another lease, which would be income producing, could be entered into by Oakwood, and income from that lease could conceivably be used to administer Oakwood's estate. Having determined  that both prongs of the "related to" test have been satisfied, the Court concludes that bankruptcy jurisdiction existed at the time defendant removed the suit to this court, and therefore, the suit cannot be remanded for lack of jurisdiction.

Oakwood contends, in the alternative,  that even if there is bankruptcy jurisdiction over the suit  that the Court should abstain from exercising that jurisdiction and remand the suit to state court.

4

Mandatory abstention of certain state law claims is addressed in 28 U.S.C. §1334(c)(2) which provides:

> Upon timely removal of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2) (emphasis added). Thus, there are three requirements for mandatory abstention:

> (1) the proceeding is based on a state law claim, which although related to a title 11 case, does not arise under title 11; (2) the proceeding could not have been commenced in federal court but for the bankruptcy; and (3) an action is commenced in state court which can timely adjudicate the cause of action.

*Patterson v. Morris*, 337 B.R. 82, 92 (E.D. La. 2006). The party seeing abstention must prove, by preponderance of the evidence, the existence of each element of mandatory abstention. *In re Lorax Corp.*, 295 B.R. 83, 90 (Bkrtcy. N.D. Tx. 2003); *In re Ascher*, 128 B.R. 639, 644 (Bkrtcy. N.D. Ill. 1991) (in disputed motion to abstain, movant has the burden of proof on elements of mandatory abstention).

As noted previously, in determining whether bankruptcy jurisdiction exists over a particular matter, it is unnecessary to determine whether the matter is one "arising under," "arising in a case under," or "related to a case under" title 11. However, in analyzing the applicability of mandatory abstention in a particular proceeding, it is necessary to determine whether the matter is one "arising under," "arising in a case under," or "related to a case under" title 11 because "mandatory abstention applies *only* to 'non-core' proceedings. *Id.* Under bankruptcy law, a "proceeding is core

5

. . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In the Matter of Wood*, 825 F.2d at 97. This suit for eviction is not a core proceeding; it is a suit based upon rights created under state law and does not invoke any provision of title 11. *In re Riverside Nursing Home*, 144 B.R. 951, 955 (S.D. N.Y. 1992). The first requirement of mandatory abstention is therefore satisfied.

However, Oakwood has failed to carry its burden of proof with respect to establishing that there is not an independent basis of jurisdiction. At the request of the Court, each party filed a statement addressing its citizenship. Villa Pizza stated that it is a citizen of Ohio and New Jersey (Doc. 21). However, in its "Statement of Citizenship," Oakwood failed to establish the full parameters of its citizenship. Oakwood represented that it was unable to locate records with respect to the domicile of the 93 limited partners of GGP Limited Partnership, a partner in The Rouse Company Operating Partnership, the sole member of Oakwood Shopping Center, LLC, the successor in interest to Oakwood Shopping Center, Limited Partnership, the original landlord on the lease at issue. Given Oakwood's failure to establish by a preponderance of the evidence that diversity jurisdiction pursuant to 28 U.S.C. §1332 does not provide an independent basis of jurisdiction for this suit, Oakwood cannot establish that this proceeding could not have been commenced in federal court but for the bankruptcy jurisdiction, and has therefore failed to establish that mandatory abstention applies to this case.

Oakwood further contends that the Court has discretion under 28 U.S.C. §1334(c)(1) to abstain from exercising jurisdiction over this proceeding and has the authority to equitably remand this case under 28 U.S.C. §1452(b). Title 28 U.S.C. §1334(c)(1) governs discretionary abstention; it provides "nothing in this section prevents a district court in the interest of justice, or in the interest

of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in *or related* to a case under title 11."   28 U.S.C. §1334(c)(1) (emphasis added).   "When deciding to remand, courts often rely on 28 U.S.C. §1452(b) (the provision for remanding an action removed under §1452(a)) in conjunction with the permissive abstention principle of 28 U.S.C. § 1334(c)(1)."   *Patterson v. Morris*, 337 B.R. at 96.     "The court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground."*   28 U.S.C. §1452(b) (emphasis added).   That statute further provides that "[a]n order entered under this subsection remanding a claim or cause of action . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1992 of this title . . . . *Id.* Therefore, "once a matter related to a bankruptcy case is equitably remanded, it is not subject to federal appellate review on any basis."   *Arnold v. Garlock*, 278 F.3d 426, 438 (5th Cir. 2001).

The provisions of §1334(c)(1) and § 1452(b) can be addressed jointly   "because the considerations underlying discretionary abstention and remand are the same . . . because § 1452(b) (remand) and §1334(c) (discretionary abstention) favor comity and the resolution of state law questions by state courts."   *Patterson v. Morris*, 337 B.R. at 96 (internal quotation and citation omitted).

> Courts recognize that decisions to remand an action and decisions to abstain from hearing an action produce the same results.  *See [In re] Norrell*, 198 B.R. at 997-98.  Taken together these sections "strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334(b) and the litigation can be timely completed in state court."  *Id.* at 998.  Thus, "circumstances which weigh in favor of discretionary abstention [under 1334(c)] likewise weigh in favor of . . . remand under §1452(b)."  *Id.* "The presence of factors suggesting discretionary abstention . . . [provide] ample equitable grounds for remand of a lawsuit to state court," *id.*,

precisely because the considerations underlying discretionary abstention are the same as those considerations underlying a determination to remand. *See Borne [v. New Orleans Health Care, Inc.]*, 116 B.R. at 494."

*Patterson v. Morris*, 337 B.R. at 96.

The following facts may be considered in deciding whether equitable remand is appropriate:

(1)  forum non conveniens;
(2)  if the civil action has been bifurcated by removal, the entire action should be tried in the same court;
(3)  whether a state court is better able to respond to questions involving state law;
(4)  the expertise of a particular court;
(5)  duplicative and uneconomic effort of judicial resources in two forums;
(6)  prejudice to the involuntarily removed parties;
(7)  comity considerations; and
(8)  a lessened possibility of an inconsistent result.

*KSJ Development Co. of Louisiana v. Lambert,* 223 B.R. 677, 679 (E.D. La. 1998);  *O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991), citing  *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984).  The cited §1452(b) factors are not the only factors which may be considered however. As stated in 28 U.S.C.  §1452(b), "the presence of 'any equitable ground' is a sufficient basis for remand . . ."  *Patterson v. Morris*, 337 B.R. at 97.

Additionally, the Court may evaluate the considerations applicable when addressing whether to abstain under §1334(c)(1).  *Terral v. SCH Management Solutions, Inc.*, 2004 WL 2115486 (E.D. La. 9/21/04).  Those factors include:

(1) the existence of two closely related proceedings based upon state law or a state law cause of action; (2) the absence of any basis for jurisdiction other than section 1334; (3) the likelihood of timely adjudication in state court; (4) the predominance of state law issues; and (5) the relatedness of the proceeding to the bankruptcy case.

*Id.* at *3.

8

In urging that equitable remand is appropriate, Oakwood focuses on the fact that the sole issue presented is a state law claim for eviction which the state court is "better able to determine . . . because of the streamlined eviction procedure established by the Louisiana Code of Civil Procedure."  Doc. 6-1, p. 8.  Oakwood further asserts that equitable remand would reduce the prejudice sustained by it because it would be permitted  to use  Louisiana state procedure which would circumvent the delay inherent in ordinary proceedings.  Id.

On the other hand, Villa Fresh asserts that remand is not warranted because this Court has adequate rules and enforcement mechanisms to handle this eviction proceeding.  Defendant also urges that "this Court is capable of implementing an expedited process and executing its orders" to satisfy Oakwood's "desire for a summary disposition."  Doc. 13, p. 4.

Having considered the §1452(b) and the §1334(c)(1)  factors cited above, the Court concludes that this matter should be equitably remanded.  Both the state court forum and the federal court forum are equally convenient for both parties.  Thus, that factor is neutral.  Because the eviction proceeding is not subject to bifurcation the second §1452(b) factor, which considers concerns over bifurcation,  is also neutral.

Section 1452(b) factors 3 and 4 address whether a state court is better able to respond to questions involving state law and the expertise of a particular court. State law issues not only predominate in this matter, they are the sole issues in dispute.  Therefore, even though this Court is knowledgeable of Louisiana law and capable of deciding issues of state law, the state court is better able to address the issues raised herein and has more experience in suits involving evictions under Louisiana law.  These factors favor remand.

Considerations of judicial economy (§1452(b) factor 5) also favor remand. The Louisiana Code of Civil Procedure provides the state court with a streamlined process for eviction proceedings. Arguably this Court could fashion an expedited process for the eviction proceeding, but no purpose is served in such an expenditure of resources when the state court already has a well established streamlined process. Nothing is gained by retaining this matter in federal court and "reinventing the wheel." Moreover, remand of this matter would eliminate any potential prejudice (§1452(b) factor 6) to Oakwood flowing from the inability to utilize Louisiana's streamlined procedures and remand would not prejudice Villa Fresh.

Additionally, comity (§1452(b) factor 7) favors extending "the courtesy to the state court of interpreting its own laws." *Patterson v. Morris*, 337 B.R. at 99. Moreover, there is no indication that upon remand the state court will be unable to resolve plaintiff's claims on a timely basis. As to the final factor, i.e., the likelihood of inconsistent results, because there is no likelihood of inconsistent results, that factor is neutral.

For the reasons stated above, the Court finds that it has jurisdiction over plaintiff's claims. Furthermore, having analyzed the factors cited above, the Court exercises its discretion to equitably remand this matter to the state court. Although 28 U.S.C. § 1447(c) permits a court remanding a case to "require payment of "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal" because federal jurisdiction over plaintiff's claims existed, the Courts declines to order the payment of such costs and expenses. Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff Oakwood Shopping Center, Limited Partnership is hereby **GRANTED** pursuant to 28 U.S.C. §1452(b);

**IT IS FURTHER ORDERED** that this action is hereby equitably **REMANDED** to the 24th

10

Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 2nd day of August, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

11